# APPEAL NO. 13-17241

District Court Civil Case No. 09-cv-0023

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**BETTY JOHNSON, on behalf of herself, and as a class representative,**

Appellees-Plaintiffs

vs.

**COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, et al.,**

Appellees-Defendants

vs.

**JANET U. MARATITA and JESUS I. TAISAGUE,**

Appellants-Proposed Intervenors

**On Appeal from the U.S. District Court for the Northern Mariana Islands**

# RESPONDING BRIEF

for the Commonwealth of the Northern Mariana Islands *et al*., Appellees-Defendants

Gilbert J. Birnbrich, Attorney General
Reena J. Patel, Assistant Attorney General (F-0478)
OFFICE OF THE ATTORNEY GENERAL
Commonwealth of the Northern Mariana Islands
Capitol Hill, Saipan, MP 96950
Telephone (670) 237-7500

*Counsels for Appellees-Defendants*

# **TABLE OF CONTENTS**

I.  STATEMENT OF THE CASE ……..………….……..……    1

II.  ISSUES PRESENTED FOR REVIEW ……..…………..……    2

III.  SUMMARY OF ARGUMENT ……..………………………    2

IV.  ARGUMENT …………....……………………………………    2

    A.  The District Court Applied the Proper Standard and Balanced the Competing Interests When It Denied the Motion to Lift Stay ……....……………………………    3

    B.  The District Court Relied on Facts that were Logical and Supported by Evidence ...…………………………………    5

V.  CONCLUSION ………………………………………..……..    6

VI.  STATEMENT OF RELATED CASES ………………………    6

VII.  CERTIFICATE OF SERVICE ………………………………    7

# Table of Authorities

**Opinions:** Page(s)

*Akeena Solar Inc. v. Zep Solar Inc.*, C09-05040, 2011 WL 2669453

(N.D.Cal. Jul. 7, 2011) ………..………….…………..…………..… 4

*Canady v. Erbe Elektromedizin GMBH et al.*, 271 F.Supp.2d 64

(D.D.C. 2002) ………..………….…………..……………..………… 4

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) ………..…………. 3

*Dano Resource Recovery, Inc. v. District of Columbia,* 923 F.Supp. 249

 (D.D.C. 1996) …..………….………..………..…………..…………… 4

*Filtrol Corp. v. Kelleher*, 467 F.2d 242 (9th Cir. 1972) …………..…… 3

*Landis v. North American Co.* (1936) 299 U.S. 248 ……………..…… 3

*Thomas v. Home Depot USA Inc.*, C06-02705 MJJ, 2007 WL 2140917

 (N.D. Cal. Jul. 25, 2007) …………..……………….…………… 3

*U.S. v. Hinkson,* 585 F.3d 1247 (9th Cir. 2009) ……..………..…… 2

## I. STATEMENT OF THE CASE

The underlying case arises out of a pension funding disputes for the CNMI Defined Benefit Plan. On June 24, 2009 Plaintiffs filed a complaint essentially alleging that the Government of the Commonwealth of the Northern Mariana Islands ("CNMI") failed to adequately fund the pension program for government employees. On August 5, 2013 the parties filed a Settlement Agreement. The Court gave preliminary approval of the Settlement Agreement on August 6, 2013, and final approval on September 30, 2013.

Class Counsel sent the court approved notices to all class members, who were given an opportunity to opt out of the Settlement Agreement. A total of 16 DB Plan members opted out of the Settlement Agreement, including Appellant Taisague. Appellant Maratita is not part of the CNMI Defined benefit program. Rather she is enrolled in the Defined Contribution plan, which was unaffected by the Settlement Agreement. All Class members were given an opportunity to object to any of the terms of the Settlement Agreement.

On September 23, 2013, after the deadline to opt out of the Settlement Agreement or submit objections had passed, appellants filed a motion to lift stay so they could file a motion to intervene in the case. ER 183. The District Court issued an expedited briefing schedule on the Motion to Lift Stay, and ultimately denied appellants' motion.

1

For the purposes of this brief, the CNMI does not dispute Plaintiff's proposed standard of review.

## II.   ISSUES PRESENTED FOR REVIEW

1. Did the District Court abuse its discretion in denying appellants motion to lift stay for the limited purpose of filing a motion to intervene in the underlying class action?

## III.   SUMMARY OF ARGUMENT

The District Court did not abuse its discretion in denying appellants' motion to lift stay because the court properly considered all of the relevant factors including the harm to appellants if the motion was denied, the harm to all of the other parties if the motion was granted, and the merits of appellants proposed motion to intervene. As such, in substance, the court applied the proper legal standard and therefore did not abuse its discretion.

## IV.   ARGUMENT

The District Court did not abuse its discretion in denying the appellants' motion to lift the stay as it did not apply the wrong legal standard and its factual findings were not "illogicial, implausible or without support in inferences that may be drawn from the facts in the record." *See U.S. v. Hinkson,* 585 F.3d 1247, 1263 (9th Cir. 2009).   First, the District Court applied the correct legal standard by weighing the competing interests. Second, the District Court based its decision on

facts that were largely undisputed and supported by documents and testimony that were part of the court's record in this case.

## A. The District Court Applied the Proper Standard and Balanced the Competing Interests When It Denied the Motion to Lift Stay

Appellants argue and we agree that the proper legal standard is the District Court may exercise its sound discretion in lifting or imposing a stay. This court has previously held:

> A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding will be stayed, *the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.* Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) [emphasis added], quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

The District Court was clearly cognizant of the fact that it had the inherent authority to lift the stay:

> The power to issue a stay "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.* (1936) 299 U.S. 248, 254. "The power to grant a stay includes the inherent power and discretion to lift that

3

stay." *Thomas v. Home Depot USA Inc.*, 2007 WL 2140917, * 1 (N.D. Cal. Jul. 25, 2007) (citing *Dano Resource Recovery, Inc. v. District of Columbia,* 923 F.Supp. 249, 252 (D.D.C. 1996); *Canady v. Erbe Elektromedizin GMBH et al.*, 271 F.Supp.2d 64, 74 (D.D.C. 2002) ("The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay."). "When circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate, the court may lift the stay." *Id*. See also *Akeena Solar Inc. v. Zep Solar Inc.*, 2011 WL 2669453, *2 (N.D. Cal. Jul. 7, 2011).

ER at 2–3.

Although the District Court referenced changed circumstances in the standard, it considered more than that in denying the Appellants' motion. First, the Court found that "the factors that persuaded [the] court to grant a stay still weigh[ed] in favor of continuing the stay." *Id.* Specifically, the court considered that the Fund was projected to run out of money within a few months, which would affect more than 4,000 other retirees. This was weighed against the fact that only 16 people opted out of the settlement agreement. *Id.* Lifting the stay to allow the Appellants to file the motion to intervene would have prolonged litigation and put the pensions of 4,000 retirees at risk.

Second, the court considered the prejudice to the appellants. *Id*. at 6. The court found that there was no prejudice to the appellants because they were free to bring a separate law suit to raise their constitutional claims. *Id.* In fact, Appellant Taisague has raised his constitutional claims in a separate law suit. Third, the District Court considered the merits of Appellants' motion to Intervene.

4

Specifically, the court found that the Class members were not prejudiced if the motion was denied because the settlement agreement specifically preserves their constitutional rights to the benefits as provided. *Id.*

It is clear that the District Court considered more than whether the circumstances warranting the stay had changed in denying appellants' motion to lift the stay. The District Court considered the (1) initial factors in issuing the stay, (2) harm to appellants if the stay was not lifted, and (3) the merits of appellants' argument on the motion to intervene, and ultimately decided that the totality of the circumstances weighed in favor of continuing the stay. Therefore, appellants' proposed legal standard was the standard actually applied by the court, and there was no abuse of discretion.

Appellant argues that the "District Court erred by applying the wrong legal standard by requiring a showing of 'changed circumstances' as a prerequisite for lifting the stay instead of relying on its own inherent power and discretion to lift a stay based on the totality of the circumstances." Opening Brief, Doc. No. 22-2, pg. 5. As just discussed, the District Court considered all of the relevant factors involved in this case and, after due consideration, exercised its inherent authority and declined to lift the stay. The District Court applied the proper standard and did not abuse its discretion.

## B. The District Court Relied on Facts that were Logical and Supported by Evidence

Turning to the second prong, the District Court relied on facts that were well established and logical.[1] The District Court relied on four factual findings: (1) the Northern Mariana Islands Retirement Fund was projected to run out of funds to pay retirement benefits within a few months, (2) approximately 4,000 class members would be adversely affected if the Stay was lifted, (3) the 16 DB Plan members that opted out of the Settlement Agreement could bring a separate law suit relating to their benefits, and (4) the constitutional rights of Settlement Class members were adequately protected by the express language of the Settlement Agreement. Appellant does not argue that any of these facts were illogical, implausible or without support in inferences that could be drawn from the facts in the record. Therefore, this undisputed second prong weighs against a finding that the District Court abused its discretion.

## V. CONCLUSION

For the aforementioned reasons, the Defendants-Appellees respectfully request that this court affirm the District Court's order denying appellants motion to lift stay.

---

[1] Appellants do not address the second factor because they argue that the first factor alone warrants an abuse of discretion finding.

6

## VI. STATEMENT OF RELATED CASES

Defendants-Appellees are unaware of any other cases in this Court that may be deemed related.

## VII. CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on September 25, 2014.

I certify that all participants in this case are registered CM/EDF users and that service will be accomplished by the appellate CM/ECF system.


Dated:  September 25, 2014        BY:  Gilbert J. Birnbrich,
                                       Attorney General


                                       s/ Reena J. Patel
                                       Reena J. Patel, Esq. (F0478)
                                       Assistant Attorney General